JACQUES ALL TRADES CORPORATION *v.* LAVERNE BROWN ET AL.
(14052)

O'Connell, Schaller and Hennessy, Js.

Argued January 19—officially released July 9, 1996

*George M. Purtill,* with whom , on the brief, was *R. Richard Croce,* for the appellant-appellee (named defendant).

*Joseph C. Morelli,* for the appellee-appellant (plaintiff).

*John P. Shea,* special counsel, *Evans Jacobs, Jr.,* senior assistant corporation counsel, and *Pedro Segarra,* corporation counsel, filed a brief for the appellee (defendant city of Hartford).

*Richard Blumenthal,* attorney general, and *Roger F. Reynolds,* assistant attorney general, filed a brief for the state of Connecticut as amicus curiae.

O'CONNELL, J. This appeal arises out of a contract action for a breach of contract in connection with home improvements performed by the plaintiff Jacques All Trades Corporation (Jacques) on the defendant Laverne Brown's house. The city of Hartford is also a defendant because of its status as a stakeholder and its involvement with some of the contracts through the federal housing preservation loan program.

In the spring of 1988, Brown applied for a rehabilitation mortgage through Hartford's federally funded housing preservation loan program. Hartford was the administrator of the program, acted as construction manager for approved projects and authorized progress payments. Hartford accepted Brown's application for financing and solicited bids for the improvements. As a result, Jacques entered into contracts for $20,250 under the federal program for the improvements that Brown requested. Jacques also contracted directly with Brown for additional improvements that were not included under the federal program.

Although Hartford had a duty to administer the project as construction manager in connection with the housing rehabilitation loan program, it was not required to sign the agreements between Jacques and Brown for work that was to be performed by Jacques. These agreements were required to be signed only by Jacques and Brown.

When Jacques was not paid by either Brown or Hartford from loan funds it was holding on Brown's behalf, it commenced an action against Brown for breach of contract and against Hartford for the release of the $20,150 that it held for Brown's benefit. Brown counterclaimed that (1) the project was not completed in a workmanlike fashion, (2) the agreement for housing rehabilitation was invalid because it did not comply with the Home Improvement Act (act), General Statutes § 20-418 et seq., and (3) due to the resulting violation

of the act, Jacques had committed unfair trade practices in violation of General Statutes § 42-110b of the Connecticut Unfair Trade Practices Act (CUTPA).

Following a second trial,[1] the court rendered judgment for Jacques for the $20,150 being held by Hartford under the federal loan program.The court did not award the $8749 claimed by Jacques to be due in addition to the amount held by Hartford. From this judgment, Brown appealed and Jacques cross appealed. Hartford, as a stakeholder, did not take an active part in the appeal.

I

Brown first claims that the trial court improperly concluded that the municipal exemption contained in § 20-428 applied to the agreements between her and Jacques. We agree.

The purpose of the Home Improvement Act is to protect consumers from the unfair trade practices of home contractors. *Caulkins* v. *Petrillo*, 200 Conn. 713, 720, 513 A.2d 43 (1986). A contractor may not recover damages on a contract that does not comply with the act. *Habetz* v. *Condon*, 224 Conn. 231, 239, 618 A.2d 501 (1992); *Barrett Builders* v. *Miller*, 215 Conn. 316, 326–27, 576 A.2d 455 (1990).

The trial court found that the agreements did not comply with the act because they (1) did not contain the required notice of cancellation, (2) did not contain the required start and completion dates, and (3) did not contain the entire agreement of the parties. Because of this noncompliance, Jacques cannot recover unless the agreements fall under one the act's exemptions.

The act does not apply to *"[t]he government of the state, municipalities of the state or any department*

---

[1] The case was initially tried and judgment was rendered on June 3, 1992. The parties appealed, raising issues not relevant here. This court reversed and remanded for a new trial. *Jacques All Trades Corp.* v. *Brown*, 33 Conn. App. 294, 635 A.2d 839 (1993).

*or agency of the state or such municipalities . . . ."*
(Emphasis added.) General Statutes § 20-428 (1). The
trial court concluded that this municipal exemption
applied in the present case. The predicate for this con-
clusion was the finding that because "for all practical
purposes [Hartford] was a functional and essential party
to [the] agreement," such "substantial municipal
involvement" rendered the transaction exempt from the
provisions of the act. We are not persuaded.

It is well established that " '[t]he meaning to be given
a statute is determined by legislative intent and that
legislative intent must be determined by language actu-
ally used in the legislation.' " *Broadley* v. *Board of Edu-
cation,* 229 Conn. 1, 6, 639 A.2d 502 (1994), quoting
*Eason* v. *Welfare Commissioner,* 171 Conn. 630, 634,
370 A.2d 1082 (1976), cert. denied, 432 U.S. 907, 97 S.
Ct. 2953, 53 L. Ed. 2d 1079 (1977). When the language
used in a statute is plain and unambiguous, we will not
look beyond the words themselves because we assume
that the language expresses the legislative intent. *Amer-
ican Universal Ins. Co.* v. *DelGreco,* 205 Conn. 178,
193, 530 A.2d 171 (1987). We will not read into clearly
expressed legislation provisions that are not expressed
in its words. *Greenwich* v. *Liquor Control Commission,*
191 Conn. 528, 537, 469 A.2d 382 (1983).

The plain and unambiguous language of § 20-248 (1)
exempts municipalities from the act because, by its
terms, municipalities that enter into contracts are not
required to comply with the act. The trial court extended
this explicit language to include *transactions* in which
persons or organizations were "for all practical pur-
poses . . . functional and essential part[ies]." The
effect of this construction, however, is to enlarge the
scope of the section to exempt contractors who are
engaged in transactions in which a municipality has
become substantially involved. The plain meaning of the
statute exempts only municipalities, not contractors.
Despite Hartford's substantial involvement in the

agreements between Jacques and Brown, it did not sign the agreements and is not a party to them.

There has been no claim that the contract made directly between Brown and Jacques is exempt from the act. Accordingly, the trial court properly held that Jacques could not recover the $8749 allegedly owed by Brown directly.

Because the agreements are not exempt from the act, Jacques cannot recover the funds held by Hartford either. Accordingly, we reverse the award of $20,150 in favor of Jacques and affirm the denial of Jacques' claim for an additional $8749 against Brown.

## II

Brown next claims that the trial court improperly failed to award her damages on the portion of her counterclaim in which she alleged that Jacques had not completed the project in a workmanlike fashion. The trial court expressly found that "Brown has failed to prove her counterclaim that the plaintiff breached the contract."

"In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony." *Kimberly-Clark Corp.* v. *Dubno*, 204 Conn. 137, 153, 527 A.2d 679 (1987). "The factual findings of a trial court on any issue are reversible only if they are clearly erroneous. . . . This court cannot retry the facts or pass upon the credibility of the witnesses." (Citations omitted; internal quotation marks omitted.) *Rosick* v. *Equipment Maintenance & Service, Inc.*, 33 Conn. App. 25, 40, 632 A.2d 1134 (1993). The trial court in this case heard conflicting testimony on Brown's damages and, on the basis of that testimony, found that Brown was not entitled to damages. We conclude that this factual determination was not clearly erroneous.

## III

Brown next claims that the trial court failed to award her damages after concluding that Jacques violated CUTPA. "A party seeking to recover damages under CUTPA must meet two threshold requirements. First, he must establish that the conduct at issue constitutes an unfair or deceptive trade practice. . . . Second, he must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." (Citations omitted.) *A. Secondino & Son, Inc.* v. *LoRicco*, 215 Conn. 336, 343, 576 A.2d 464 (1990).

Brown has satisfied the first threshold requirement because a violation of the act is deemed to be a CUTPA violation. General Statutes (Rev. to 1987) § 20-427 (b) (6), now § 20-427 (c) (2).[2] Brown has failed, however, to satisfy the second threshold requirement. The trial court found that Brown had not proven any ascertainable losses as a consequence of Jacques' CUTPA violation. We cannot reject this factual determination unless it is clearly erroneous. *Metropolitan District* v. *Housing Authority*, 12 Conn. App. 499, 510–11, 531 A.2d 194, cert. denied, 205 Conn. 814, 533 A.2d 568 (1987). We conclude that the trial court properly found that Brown had not suffered any ascertainable damages.

## IV

Brown next claims that the trial court improperly denied her motion for attorney's fees and punitive damages without first conducting a hearing on that motion.

"The public policy underlying CUTPA is to encourage litigants to act as private attorneys general and to engage in bringing actions that have as their basis unfair or deceptive trade practices. *Hernandez* v. *Monterey Village Associates Limited Partnership*, 17 Conn. App.

---

[2] General Statutes § 20-427 (c) (2) provides in pertinent part: "A violation of any of the provisions of this chapter shall be deemed an unfair or deceptive trade practice under subsection (a) of section 42-110b."

421, 425, 553 A.2d 617 (1989). In order to encourage attorneys to accept and litigate CUTPA cases, the legislature has provided for the award of attorney's fees and costs. *Gill* v. *Petrazzuoli Bros., Inc.*, 10 Conn. App. 22, 33, 521 S.2d 21 (1987) . . . . Once liability has been established under CUTPA, attorney's fees and costs may be awarded at the discretion of the court. *Ven Nguyen* v. *DaSilva*, 10 Conn. App. 527, 530, 523 A.2d 1369 (1987)." *Freeman* v. *Alamo Management Co.*, 24 Conn. App. 124, 133, 586 A.2d 619 (1991), rev'd on other grounds, 221 Conn. 674, 607 A.2d 370 (1992). We will not interfere with the trial court's exercise of this discretion unless there is manifest abuse or injustice appears to have been done. *Steiger* v. *J.S. Builders, Inc.*, 39 Conn. App. 32, 36, 663 A.2d 432 (1995); see General Statutes § 42-110g.

The award of attorney's fees and punitive damages under CUTPA has some features not common to such awards in other types of cases. For example, the trial court is not precluded from exercising this discretion even if it finds that the plaintiff has not suffered ascertainable damages. *Tillquist* v. *Ford Motor Credit Co.*, 714 F. Sup. 607 (D. Conn. 1989). Additionally, the amount of attorney's fees that the trial court may award is based on the work reasonably performed by an attorney and not on the amount of recovery. General Statutes § 42-110g (d).

Therefore, because the awarding of attorney's fees and punitive damages is not determined by the amount of the award or the type of relief granted, there may be some evidence that is collateral or irrelevant to the merits of a claim of CUTPA violation or proof of damages, but nontheless may be relevant to proving whether attorney's fees and punitive damages are warranted. This is such a case. Pursuant to a stipulation approved by the court, the parties specifically reserved the presentation of these issues for a separate proceeding, thus

bifurcating the merits and attorney's fees.[3]

Because the parties specifically delayed the presentation of evidence concerning attorney's fees until after the merits had been adjudicated and because Brown was then denied an opportunity to present this evidence, Brown is entitled to a hearing at which the trial court may exercise its discretion whether to award attorney's fees and damages.

The judgment is reversed and the case is remanded with direction to render judgment for the defendants on the complaint, as on file on the named defendant's counterclaim, and for an evidentiary hearing on the issue of attorney's fees.

In this opinion the other judges concurred.

---

[3] "[Defense Counsel]: Your Honor, counsel for the plaintiff and I would like to address the court with regard to a stipulation. Both of us have claims for attorney's fees in this case and we would like to stipulate with the court's permission that the issue of attorney's fees and interest is bifurcated from this proceeding, so that neither of us have to get involved with taking the stand and challenges to reasonableness of attorney's fees, et cetera, and not be witnesses in this case. And that we reserve that for a separate proceeding depending upon how Your Honor rules in this case.

"[Plaintiff's Counsel]: That's a stipulation, Your Honor.

"[Defense Counsel]: And I've discussed with city of Hartford's counsel and . . .

"[City of Hartford's Counsel]: We have no objection.

"[Defense Counsel]: They have no objection, Your Honor.

"The Court: Okay. . . ."