## JACQUES ALL TRADES CORPORATION
### *v.* LAVERNE BROWN ET AL.
### (15530)

Callahan, C. J., and Norcott, Katz, Palmer and Peters, Js.

Argued March 19—officially released April 29, 1997

*Joseph C. Morelli,* for the appellant (plaintiff).

*George M. Purtill,* with whom, on the brief, was *Seth Jacoby,* for the appellee (named defendant).

*Evan's Jacobs, Jr.,* senior assistant corporation counsel, with whom were *John P. Shea, Jr.,* special counsel, and, on the brief, *Kevin G. Dubay,* corporation counsel, for the appellee (defendant city of Hartford).

*Richard Blumenthal,* attorney general, and *Roger Reynolds,* assistant attorney general, filed a brief for the state of Connecticut as amicus curiae.

PER CURIAM. In the spring of 1988, the defendant, Laverne Brown,[1] applied for a residential rehabilitation mortgage through the federally funded housing preservation loan program operated by the city of Hartford. Hartford accepted the defendant's application, and wrote specifications and solicited bids for improvements to the defendant's home. The bid of the plaintiff, Jacques All Trades Corporation, was accepted and the plaintiff and the defendant subsequently contracted for improvements to cost $20,150, which amount was entirely funded by the preservation loan obtained by the defendant from Hartford. The contract price included the improvements for which bids originally had been solicited as well as other work that had been agreed to by the plaintiff and the defendant and subsequently approved by Hartford. Hartford was not a signatory to the contracts. Among other things, however, it furnished the contract forms, approved the contracts and administered the project as construction manager.

When the plaintiff was not paid upon completion of the work contracted for, it brought a two count complaint in the Superior Court. The first count alleged a breach of contract against the defendant. The second count sought release of the mortgage funds in the amount of $20,150 held by Hartford. The defendant filed special defenses and a counterclaim asserting, inter alia, that the contracts were invalid because they did not comply with the Home Improvement Act, General Statutes § 20-418 et seq. (act). Following a second trial,[2]

[1] Although the city of Hartford is also a defendant in this action, the named defendant Laverne Brown will be referred to as the defendant throughout.

[2] The first trial resulted in an appeal on issues not related to the present appeal. The Appellate Court reversed the judgment of the trial court and remanded the case for a new trial. See *Jacques All Trades Corp.* v. *Brown*, 33 Conn. App. 294, 635 A.2d 839 (1993).

the court rendered judgment against the defendant on the first count of the plaintiff's complaint in the amount of $20,150 and against Hartford on the second count and ordered Hartford to pay to the plaintiff the $20,150 it was holding as a stakeholder. The trial court found that the contracts between the plaintiff and the defendant did not comply with the act because they failed to contain the required notice of cancellation. The court concluded, however, that the plaintiff could enforce the contracts because they fell within the municipal exemption of General Statutes § 20-428 (1),[3] which provides in pertinent part that the act does not apply to "[t]he government of the state, municipalities of the state or any department or agency of the state or such municipalities . . . ."[4]

The basis of the trial court's decision was that "for all practical purposes [Hartford] was a functional and essential party to [the contract]" and that "such substantial municipal involvement" rendered the transaction exempt from the act. The defendant appealed from the trial court's judgment and the plaintiff cross appealed.

The Appellate Court reversed the trial court's judgment against the defendant and Hartford, concluding, inter alia, that the trial court improperly had found that the municipal exemption contained in § 20-428 (1) applied to the contracts between the plaintiff and the defendant. *Jacques All Trades Corp.* v. *Brown,* 42 Conn.

---

[3] General Statutes § 20-428 provides in relevant part: "Exemptions. This chapter shall not apply to any of the following persons or organizations: (1) The government of the state, municipalities of the state or any department or agency of the state or such municipalities . . . ."

[4] In the first count of its complaint, the plaintiff also claimed damages as a result of another separate contract for extra work entered into by the plaintiff and the defendant. The trial court found, however, that that contract did not comply with the act and was not exempt from the act pursuant to § 20-428 (1) because Hartford was not involved in that contract. The Appellate Court affirmed that aspect of the trial court's judgment. *Jacques All Trades Corp.* v. *Brown,* 42 Conn. App. 124, 129, 679 A.2d 27 (1996).

App. 124, 679 A.2d 27 (1996). The Appellate Court determined that, because Hartford had not been a signatory or a party to the contracts, the municipal exemption did not apply, despite Hartford's substantial involvement in the transactions. Id., 128–29. The Appellate Court concluded that the plaintiff could not prevail because the contracts were neither exempt from nor in compliance with the act.

We granted the plaintiff certification to appeal limited to the following issue: "Whether the Appellate Court properly concluded, under the facts and circumstances of this case, that the municipal exemption contained in General Statutes § 20-428 did not apply to the contract in issue?" *Jacques All Trades Corp.* v. *Brown*, 240 Conn. 903, 688 A.2d 332 (1996).

After examining the record on appeal and after considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The issue on which we granted certification was properly resolved in the Appellate Court's thoughtful and comprehensive unanimous opinion. It would serve no useful purpose for us to repeat the discussion contained therein. See *Gajewski* v. *Pavelo*, 236 Conn. 27, 30, 670 A.2d 318 (1996); *Sharp* v. *Wyatt, Inc.*, 230 Conn. 12, 16, 644 A.2d 871 (1994); *Whisper Wind Development Corp.* v. *Planning & Zoning Commission*, 229 Conn. 176, 177, 640 A.2d 100 (1994).

The judgment of the Appellate Court is affirmed.[5]

---

[5] As part of its judgment, the Appellate Court ordered a remand for an evidentiary hearing on the issue of whether the defendant was entitled to attorney's fees pursuant to the Connecticut Unfair Trade Practices Act, General Statutes § 42-110g (d). *Jacques All Trades Corp.* v. *Brown*, supra, 42 Conn. App. 132.