[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES
This matter comes to the court upon remand from the Appellate Court. The defendant successfully appealed from the decision of this court, Satter, J., which judgment determined that the plaintiff was entitled to judgment against the defendant in the amount of $20,150 for work performed under a rehabilitation contract funded by the City of Hartford. The trial court denied the plaintiff's claim for an additional amount of $8,749, part of which was under a supplementary contract for "extras". The latter amount appears to be a combination of additional work for which the city would not pay in full, plus a separate contract between the defendant and the plaintiff which contract did not directly involve the City of Hartford. The trial court describes this agreement as a contract for "extras" which would be so categorized in the vernacular of the building trades, but which, at law, would be a separate contract.
The background of this motion for attorney's fees is fully articulated in the decision of the Appellate Court, Jacques AllTrades Corp. v. Brown, 42 Conn. App. 124 (1996) and the decision of the trial court, Satter, J., Hartford Superior Court, Case No. 90-0381618-S, July 14, 1994.
The decision of the Appellate Court provides as follows: "Because the parties specifically delayed the presentation of evidence concerning attorney's fees until-after the merits had been adjudicated, and because Brown was then denied an CT Page 10929 opportunity to present this evidence, Brown is entitled to a hearing at which the trial court may exercise its discretion whether to award attorney's fees and damages." The matter comes to the court "for an evidentiary hearing on the issue of attorney's fees." Jacques All Trades Corp., supra, p. 132.
It should be noted at the outset that the motion for attorney's fees comes to this court, L. Sullivan, J., as agreed to by the Parties. Although the trial judge may generally be considered to be in the best position to determine the applicability of and/or the amount of fees, however, as is noted in the defendant's objection filed June 24, 1997, Judge Satter had, post trial, denied the defendant's motion for attorney's fees by that court's decision of 8/31/94. The defendant prevailed on its defense of that part of the action, at the trial level by claiming that at least the supplementary contract did in fact violate CUTPA, General Statutes Section 42-110. Hence retrial on any part of that issue, either liability for or amounts of attorney's fees, does implicate the provisions, (if not the letter than at least the spirit) of General Statutes Section51-183c prohibiting a judge from presiding over a "case" in which "the judgment is reversed" which "a new trial" is granted.
I. THE CUTPA CLAIM FOR ATTORNEY'S FEES
The Appellate Court determined that the trial court was in error in concluding that CUTPA was not implicated for the reason given in the decision by the trial court that the municipal exemption of General Statutes Section 20-248 (1) was held to provide an exemption from the provisions of CUTPA as applied to the circumstances of this case. Hence the finding of the trial court that the city related contract need not contain a notice of cancellation, as required by General Statutes § 20-429 (a)(6), was reversed by the Appellate Court. Therefore both of the agreements were ultimately determined to be in violation of CUTPA, C.G.S. § 42-110b(a).
General Statutes § 42-110g(d) as amended by the legislature in 1976 allows for the awarding of attorney's fees to a plaintiff only, whereas, prior thereto, attorney's fees could be awarded to either plaintiff or defendant. See Staehle v. Michael's Garage,Inc., 35 Conn. App. 455, 459 (1994); footnote 8. The Appellate Court apparently interprets the counterclaim as if it were a pleading seeking affirmative debt relief rather than merely a defense to the action. CT Page 10930
This court concludes that this defendant, Brown, having raised General Statutes Section 42-110b by counterclaim, satisfies the requirement of a proper status to claim attorney's fees. A defendant by asserting the counterclaim in her answer of January 23, 1991 becomes in fact a plaintiff for counterclaim purposes, and hence is entitled to the benefits of the provisions of CUTPA, including a claim for attorney's fees, as CUTPA applies to counterclaims as well as to claims for relief of original plaintiffs.
The trial court found that "Brown has established no damages as a consequence of the plaintiff seeking extras in this suit, and this court awards her no damages." The Connecticut Supreme Court has addressed these circumstances precisely and directly. This court is bound by that determination.
"The trial court expressly found that the defendant has failed to present any damages arising from the alleged violations `a factual determination that the defendant has not challenged in this appeal.' While CUTPA damages need not be proven with absolute precision the failure to present any evidence concerning the nature and extent of the injury sustained precludes recovery under the statute." A Secondino Sons, Inc. v. La Rocco,215 Conn. 336, 344 (1990).
In the instant case it does not appear that the defendant sustained any actual damage by virtue of the plaintiff's failure to comply with the requirements of General Statutes Section20-429 (a)(b). To the contrary it appears that the defendant has received the benefit of approximately $29,000 of home improvement without being required to pay for any of it. This is at law as it must be, for strict compliance with the statute is mandatory. That the plaintiff should absorb that loss is appropriate, reSecondino, supra, despite the dissenting opinions of Justice Shea and Callahan, in Secondino, supra, p. 344.
Although a strict application of the "American Rule," wherein each party pays their own attorney's fees may to laymen, appear to be unfair, yet this rule is as much a part of the Common Law in this state as is any of the rules of substance or procedure as pertains to civil litigation-in this state. Absent the application of a statutory or common law rule to the contrary, the trial court is and must be bound by legal precedent. CT Page 10931
 II.
The plaintiff claims to be entitled to an award of attorney's fees for both the successful defense of the City related contract and defense of the private contract, which latter contract called for work and materials in the amount of $6,021.00.
The first of these contracts, the city related contract, for an amount, eventually, of $20,150 was signed by the parties on the city furnished thirteen page form; captioned "Agreement for Housing Rehabilitation." There appears to be no portion of the form, no room on the form, to permit a contractor to insert conditions which would comply with the requirement of General Statutes Section 20-429 (a)(b), the Home Improvement Contractor Statute. The court determines that the plaintiff's seeking of compensation for the work performed under the auspices of the city mandated contract was in good faith and presented a substantial question of law, upon which the plaintiff prevailed in the trial court. Although neither the prosecution nor the defense of the claim, in retrospect, ended up being financially prudent in the economic sense of the reality of the costs of litigation, yet the prosecution of the case was not in bad faith, bearing in mind the rational position taken by the plaintiff seeking to recover for the contract price including labor and materials expended under a good faith belief that it was performing a contract under the auspices and control of the City of Hartford.
As to that portion of the complaint which is the private contract, in the amount of $6,021.00 a different set of circumstances are pertinent. This contract was at law a separate and distinct contract, solely between the plaintiff and the defendant. The trial court determined, on page 8 and 9 of the trial court memorandum of decision, that the plaintiff violated Sec. 20-427(b) of the Act, and hence violated the Connecticut Unfair Trade Practice Act, as concerns the private contract.
This action was commenced by service of process on July 10, 1990. The Supreme Court, by decision released June 12, 1990, clearly determined in Secondino, supra that the violation of the statute constituted a per se violation of CUTPA and hence the contract was unenforceable, neither by an action at law, nor in equity on the theory of Quantum Meriut. A Secondino Sons, Inc.v. La Rocco, supra. CT Page 10932
The action on this contract, the private contract was commenced and was further prosecuted under at least constructive knowledge that the action on this private contract could not prevail, as a matter of law. Hence the prosecution by the plaintiff for recovery on the private contract in disregard ofSecondino, supra, was unjustified.
The Appellate Court has determined that ". . . The trial court is not precluded from exercising this discretion even if it finds, that the plaintiff has not suffered ascertainable damages.Tillquist v. Ford Motor Credit Co., 714 F. Sup. 607." Additionally the amount of attorney's fees that the trial court may award is based upon the work reasonably performed by an attorney and not on the amount of recovery." Jacques All Trades Corp. v. Brown,
supra, p. 161.
The court determines that the defendant is not entitled to attorney's fees for the work performed in defense of the City related contract. Where there exists a bona fide genuine dispute as to whether the contractor furnishing labor and materials is entitled to be paid, as here, under a city related contract, it is not the purview of the statute to punish a party who prevails on the trial level merely because he did not prevail at the appellate level on a matter of first impression. This is particularly so where the otherwise equitable remedy of quantum meruit is not available because of considerations of public policy, which are superimposed upon the otherwise equitable principle of unjust enrichment.
As to the private contract the court determines that attorney fees are appropriate. Those fees must be limited, however, to those fees which are reasonable and necessary to assert and prosecute the counterclaim of CUTPA to extinguish the plaintiff's otherwise entitlement for payment of the sum called for in the private contract. The defendant is not entitled to attorney's fees expended in the assertion and prosecution of CUTPA claims appended to the common law first count of the counterclaim, which asserts that the work-was not done in a workmanlike manner, upon which counterclaim the defendant did not prevail. Nor, as aforesaid, is the defendant entitled to attorney's fees in defense of the plaintiff's claim on the portion of the complaint which seeks to recover attorney's fees on the City related contract.
III. CT Page 10933
The defendant further claims that she is entitled to payment of legal fees by virtue of the provisions of General Statutes Section 42-150bb.
A careful review of the pleadings and the memorandum of decision of Judge Satter does not reveal that this claim was placed before the trial court in any fashion. A review of the remand by the Appellate Court does not indicate any reference to such a claim. Nor does the remand direct that this court address any issue concerning attorney's fees other than whether attorney's fees are appropriate under CUTPA.
Claims of this nature must be raised in the trial forum. "Because this issue was first raised in her objection to the referee's report the trial court properly denied the claim . . . Neither the referee nor the trial court found that the contract in issue contained such a provision . . . Because she did not bring this matter to the attention of the referee at any time, there was no fact finding in connection with this issue upon which the trial court could have acted." Jacobs v. HealyFord-Subaru, Inc., 231 Conn. 707, 730, 731 (1995).
The defendant claims that she requested attorney's fees in her claim Prayer for Relief. The court has reviewed the defendant's counterclaim, dated January 23, 1991, filed in court January 30, 1991 and sees neither an addamnum nor such a claim for relief set forth in the body of the counterclaim. Nor does the court see a claim for attorney's fees set forth in the body of the answer nor in the body of the special defenses set forth in said answer to the complaint.
The defendant did in fact raise the issue of CUTPA attorney's fees by virtue of the violation caused by failure to adhere to the provisions of General Statutes Section 20-427 (b), the Home Improvement Statute, by motion filed post judgment on September 4, 1994. The court, Satter, J. denied the motion for attorney's fees. No where, in the record before the court, does it appear that the defendant raised a request for attorney's fees pursuant to General Statutes Section 42-150bb.
Practice Book Section 109A clearly provides that "(a) When army claim is made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number." To raise, for CT Page 10934 the first time, post trial and post appeal a claim for relief, whether for damages or attorney's fees, is inherently violative of both the spirit and the letter of the law as concerns furnishing to the trial court and opposing party notice of issues sought to be presented to the court. The now proffered statutory claim differs from the claim for attorney's fees under CUTPA, as that matter appears to have been placed squarely before the trial court during and promptly subsequent to the termination of the trial, and was in fact acted upon by the trial court.
Even if the defendant were to prevail on her claim to be entitled to attorney's fees for a reciprocity of fees under General Statutes Section 42-150bb yet, the amount of such fees would be neither an amount represented by her entire fees to handle these claims, nor would they be the amount initially claimed by the plaintiff, $5,687.50. General Statutes Section42-150bb provides that the amount of the fees "shall be based as far as practicable upon the terms governing the fee for the commercial party." General Statutes Section 42-150aa provides that the fees for the commercial party shall be "not more than fifteen percent of the amount of any judgment which is entered." The private contract which provided for fees to the commercial party was in the amount of $6,021.00, fifteen percent of which would be $903.15.
The court finds that the awarding of fees pursuant to §42-150bb is not appropriate. The court denies the defendant's petition of September 11, 1997 for the award of attorney's fees under that statute.
 IV.
The court determines that the defendant is not entitled to CUTPA attorney's fees on the city related contract. The defendant is not entitled to attorney's fees on its post-appeal asserted claim for fees under General Statutes § 42-150bb.
The defendant is entitled to attorney's fees for services expended solely to extinguish the debt on the private contract, and solely limited to the asserting and prosecution of the CUTPAcounterclaim concerning only the technical shortcomings of the contract document.
The information heretofore submitted to the court in support of the defendant's claim for attorney's fees on the counterclaim CT Page 10935 to extinguish this debt on the private contract is inadequate for the court to make an award of any appropriate sum. The burden of proof is upon the defendant to extract from the billing the time spent solely and exclusively devoted to the asserting and prosecution of the CUTPA counterclaim concerning the private contract, which must be accomplished without resort to guess or speculation. The court recognizes that the CUTPA issue concerning the private contract, though relatively simple to assert, may be so intertwined with the other and far more complex legal and factual issues of the litigation so as to make it impossible to satisfy this burden. Yet the defendant should be given the opportunity to attempt to do so through a factual hearing. The parties are to contact the court to schedule an evidentiary hearing to allow the defendant to produce evidence concerning attorney's fees in this case.
L. Paul Sullivan, J.