[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of an alleged oral agreement between the plaintiff Derek Hartley Cavendish-Pell and the defendant Pamela Howell. According to the complaint, the plaintiff and the defendant agreed to be venture partners in the purchase of certain real estate in Stamford. Between 1987 and 1988, the plaintiff contributed $350,000 to the defendant toward the venture, and the defendant purchased the relevant property. Renovation of the property occurred in 1988. The parties agreed that the property would be marketed for sale for approximately $1,700,000 and both parties would divide the profits equally. In 1990, the parties orally modified the agreement, whereby the defendant would purchase the plaintiffs share of the property for $700,000 and pay interest of ten percent until the purchase price was paid in full. In May 1991, the parties modified the interest rate to nine percent. During 1991, the defendant made payments of interest totaling $37,000. Between December 1991 and May 1992, the defendant made a further payment of interest of $6,000. On or CT Page 3239 about September 20, 1993, the defendant permitted an open-end mortgage deed to be filed and recorded on the land records of the City of Stamford, which purported to grant Lloyds Bank, PLC, a security interest up to the sum of $4,850,000 in the relevant property. The defendant has refused to make payments of interest and/or principle since December 1993.
On June 2, 1995, the plaintiff commenced this suit by service of process upon the secretary of state pursuant to General Statutes § 52-59b by sending a copy of the writ, summons and process to the defendant via registered mail.[1] The plaintiff alleges that the defendant breached the oral agreement in count one, and violated General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA), in count two by permitting the Lloyd's Bank, PLC mortgage deed to be placed on the land in order to place the Stamford real estate out of the reach of the plaintiff and defeat the collection of sums owed to the plaintiff
The defendant filed motion #145 for summary judgment "with respect to her Special Defense 2 and Special Defense 3, as such Special Defenses relate to plaintiff's first count" because the plaintiff commenced the present action beyond the applicable statute of limitations for a breach of an oral agreement, and did not comply with the statute of frauds. The defendant also filed a motion for summary judgment as to count two alleging a violation of CUTPA because the plaintiff has not been damaged by the existence of the mortgage deed.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Summary judgment may be granted where the claim is barred by the statute of limitations." Stingone v. Elephant TruckFlea Market, 53 Conn. App. 725, 729, 732 A.2d 200 (1999).
Initially, the plaintiff argues that a defendant may only obtain summary judgment on the plaintiff's complaint, not special defenses. The Superior Courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book § [17-49] makes no provision for CT Page 3240 it. See Centerbank v. Silvermine Lank Investment Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 122942 (December 16, 1992, Lewis, J.) (8 CSCR 126). While the court agrees that it is technically improper to seek summary judgment on a special defense, a fair interpretation of the motion for summary judgment indicates that the defendant seeks summary judgment as to count one of the plaintiff's complaint. Most of the cases that this court has found involving a motion for summary judgment as to a special defense relate to a plaintiff's motion for summary judgment as to a defendant's special defense. See, e.g., Moffa v. Geico General Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 132030 (October 23, 1998, Shortall, J.); Bond v. General Accident Ins.Co. of America, Superior Court, judicial district of New London, Docket No. 538646 (September 4, 1998, Handy, J.) (23 Conn. L. Rptr. 181); Star Distributors v. Post Liquors. Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 056867 (February 23, 1998, Flynn, J.). Therefore, the court will consider the motion for summary judgment as a challenge to count one of the complaint.
The defendant argues that the court must grant its motion for summary judgment because the plaintiff commenced this suit after the statute of limitations had lapsed. General Statutes §52-581 provides in relevant part: "No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues." The defendant argues that more than three years have passed since the defendant made its last interest payment to the plaintiff Therefore, the defendant claims it is entitled to judgment as a matter of law because the allegations in count one assert breach of an oral contract. The plaintiff contends that the present action is not barred by the statute of limitations because the defendant was "without this state" pursuant to General Statutes § 52-590.
General Statutes § 52-590 provides: "In computing the time limited in the period of limitation prescribed under any provision of chapter 925 or this chapter,[2] the time during which the party, against whom there may be any such cause of action, is without this state shall be excluded from the computation, except that the time so excluded shall not exceed seven years." The purpose of this statute was to preserve the CT Page 3241 right of action during the absence of the defendant when it was impossible to serve him with process in an action in personam. See Coombs v. Darling, 116 Conn. 643, 646, 166 A. 70 (1933) (involving a predecessor to General Statutes § 52-590); see also Cortes v. Cotton, 31 Conn. App. 569, 573, 626 A.2d 1306
(1993) (noting the purpose of General Statutes § 52-590 "is to preserve a right of action during the absence of the defendant when it is impossible to serve him with process"). General Statutes § 52-590 "preserves a right of action only if the defendant's absence from the state makes it impossible to obtain personal jurisdiction over him in Connecticut." Venables v. Bell,941 F. Sup. 26, 27 (D. Conn. 1996).
The defendant argues that Connecticut had personal jurisdiction over her based upon General Statutes § 52-59b (a)(4). In addition, the plaintiff could have served the defendant pursuant to the Hague Convention. While these contentions may in fact be true, the defendant has failed to provide sufficient evidence indicating that she was a nonresident during the three years after the last interest payment, and subject to personal jurisdiction in Connecticut. See Cortes v. Cotton, supra,31 Conn. App. 573. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Lunn v.Cummings and Lockwood, 56 Conn. App. 363, 370, 743 A.2d 653
(2000). Therefore, the defendant's motion for summary judgment is denied because the defendant has not proven that she is entitled to judgment as a matter of law.
The defendant also argues that she is entitled to summary judgment as to count one because the plaintiff's action is barred by the statute of frauds inasmuch as count one seeks damages exceeding $5,000. See General Statutes § 42a-1-206 (1).[3]
However, "[a] contract is enforceable, despite the statute [of frauds], when, subsequent to the making of the contract, there has been conduct that amounts to part performance." (Internal quotation mark omitted.) Union Trust Co. v. Jackson,42 Conn. App. 413, 419, 679 A.2d 421 (1996). The plaintiff has claimed the existence of an oral agreement and oral modifications of that agreement by the parties. The plaintiff also claims that the defendant partially performed the contract by making interest payments. There is a genuine issue of fact concerning the existence of any oral contract between the parties and the defendant's alleged partial performance on that contract. Therefore, the defendant's motion for summary judgment based upon CT Page 3242 the statute of frauds is denied.
The defendant also moves for summary judgment as to count two of the complaint, wherein the plaintiff alleges violation of CUTPA. The defendant claims that even if she engaged in tortious conduct when she caused the mortgage to be placed on the property, the plaintiff did not suffer any ascertainable loss. General Statutes § 42-110g (a) provides: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper." The defendant claims that the plaintiff cannot claim an ascertainable loss because the Lloyd's Bank, PLC mortgage was released without payment as part of a prejudgment remedy. However, a trial court is not precluded from exercising its discretion to award attorney's fees and punitive damages even if it finds that the plaintiff has not suffered any ascertainable damages. See Jacques All Trades Corp. v. Brown, 42 Conn. App. 124,131, 679 A.2d 27 (1996), aff'd, 240 Conn. 654, 692 A.2d 809 (1997). At the present time, there are issues of material fact concerning the existence of a CUTPA violation and whether the plaintiff is entitled to attorney's fees or punitive damages. Therefore, the defendant's motion for summary judgment as to count two of the complaint is denied.
So Ordered.
Dated at Stamford, Connecticut, this 3rd day of March, 2000.
William Burke Lewis, J.