[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff, MJM Landscaping, Inc., is a construction company that installed a septic system for the defendant,[1] Paul R. Lorant, at his 43 West Brother Drive residence in Greenwich, Connecticut. The plaintiff and the defendant entered into an agreement on August 17, 1998, whereby the plaintiff was to furnish materials and render labor in the construction of a septic system on the defendant's property. In return, the defendant was to pay $58,000. The plaintiff commenced performance on August 25, 1998, and finished on September, 30, 1998. In order to secure the alleged $29,800 still owed to it by the defendant, the plaintiff filed a mechanic's lien on December 22, 1998, with the Town Clerk of Greenwich.
On October 13, 1999, the plaintiff instituted this action seeking to recover monies that it [alleges the defendant owes for the work performed. The complaint seeks the following: strict foreclosure on its mechanic's lien, immediate possession of the liened premises, a deficiency judgment against the defendant, an appointment of a receiver to collect any rents and profits accruing from the mortgaged premises, an order that the defendant pay weekly sums of money to satisfy any deficiency to the plaintiff and costs.
On December 3, 1999, the defendant filed an answer, special defense and a two count counterclaim. In his special defense, the defendant claims that the agreement between the plaintiff and the defendant is unenforceable because it fails to comply with the Home Improvement Act (HIA), General Statutes § 20-418 et seq. The defendant also counterclaims, alleging that the plaintiff's performance was negligent, defective and completed in an unworkmanlike manner (count one) and that the plaintiff's alleged violation of the HIA also constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. (count two). The defendant demands judgment on his CT Page 697 counterclaim in the form of compensatory damages, punitive damages and costs.
On March 10, 2000, the defendant filed a motion for summary judgment on the ground that the contract allegedly breached by the defendant is unenforceable because it fails to comply with the provisions of HIA. As required by Practice Book § 11-10, the defendant filed a memorandum in support of his motion for summary judgment. The plaintiff filed an objection, response and reply, and the defendant also has filed a reply and surreply.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Miles v. Foley, 253 Conn. 381, 385-86, 752 A.2d 503 (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Barrett v.Danbury Hospital, 232 Conn. 242, 255, 654 A.2d 748 (1995).
The defendant argues that his alleged contract with the plaintiff is invalid because it fails to meet the requirements of the HIA. The defendant specifically argues that the alleged contract fails to contain: the address of the contractor as required by General Statutes § 20-429(a)(5)[2]; a notice of the owner's cancellation rights as required by General Statutes § 20-429(a)(6); and a starting and completion date, as required by General Statutes § 20-429(a)(7). The plaintiff concedes that it has failed to comply with all of the HIA requirements but argues that the HIA contains a bad faith exception, which is applicable to the facts of this case, as alleged in the plaintiff's complaint.
"The HIA is a remedial statute that was enacted for the purpose of CT Page 698 providing the public with a form of consumer protection against unscrupulous home improvement contractors. . . .The aim of the statute is to promote understanding on the part of consumers with respect to the terms of home improvement contracts and their right to cancel such contracts so as to allow them to make informed decisions when purchasing home improvement services. . . .While the purposes of the statute are advanced by an interpretation that makes compliance with the requirements of § 20-429(a) mandatory, it does not necessarily follow that advancement of the purposes also requires that the mandatory compliance with each subsection be technically perfect." (Citations omitted.) WrightBros. Builders, Inc. v. Dowling, 247 Conn. 218, 231, 720 A.2d 235
(1998). "A contractor may not recover damages on a contract that does not comply with the [HIA]." Jacques All Trades Corp. v. Brown,42 Conn. App. 124, 127, 679 A.2d 27 (1996), aff'd, 240 Conn. 654,692 A.2d 809 (1997).
"[P]roof of bad faith on the part of the homeowner is an exception to what might otherwise be a harsh lesson to the home improvement contractor unable to recover due to a violation of the act. The central element giving rise to this exception is the recognition that to allow the homeowner who acted in bad faith to repudiate the contract and hide behind the act would be to allow him to benefit from his own wrong, and indeed encourage him to act thusly. Proof of bad faith therefore serves to preclude the homeowner from hiding behind the protection of the act. . . . This deeply rooted principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar what would otherwise be inequitable reliance on statutes." (Citations omitted.) Habetz v. Condon, 224 Conn. 231, 237-38,618 A.2d 501 (1992). "Bad faith in general implies both `actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.'. . .Bad faith means more than mere negligence; it involves a dishonest purpose." (Citation omitted.) Id., 237.
The defendant argues that the plaintiff has failed to provide any evidence that raises a genuine issue of fact relating to the bad faith of the defendant and, therefore, summary judgment should be granted. InWadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 250, 618 A.2d 506
(1992), the Supreme Court affirmed the Appellate Court's decision, which had affirmed the trial court's grant of summary judgment in favor of the defendants, concluding that the plaintiffs did not establish the necessary factual predicate to raise a genuine issue as to the defendants' bad faith under the HIA.[3] Therefore, in order for the court to deny the defendant's motion for summary judgment, the plaintiff CT Page 699 must present the necessary factual predicate to raise a genuine issue as to the defendant's bad faith.
In the present action, the plaintiff submits evidence in opposition to the defendant's motion for summary judgment from which the following facts reasonably could be found: the defendant expressed his satisfaction with the plaintiff's work while construction was in progress and after its completion (Affidavit of Rene Bastias, principal of MJM Landscaping); the defendant failed to visit the construction site to inspect the plaintiff's work and repeatedly made assurances that all of the bills would be paid (Affidavit of Adam Ross, partner in Greenwich Design and Build who supervised the construction project and represented that all work was performed within the specifications); the septic system was constructed according to the specifications of the engineer's design and was of workmanlike quality (Affidavit of Anthony L. D'Andrea, civil engineer); the defendant requested additional work and assured payment in a letter dated September 16, 1998; the cover page of the fax creating the contract between the plaintiff and the defendant, which was sent by the plaintiff to the defendant in Japan, contained the address of the plaintiff on the cover page; the defendant's tenant provided that the septic system was working well in a letter dated October 2, 1998 (three weeks after the work was completed); three Greenwich agencies inspected the septic system for adherence to the design plan after construction had been completed; and in a letter to Adam Ross dated November 11, 1998, the defendant requested approval from the Town of Greenwich, thus confirming that the work had been completed to his satisfaction, and assured that payment would be sent promptly.
The evidence submitted to the court is at least sufficient to show "a design to mislead or deceive" the plaintiff by inducing the plaintiff to continue performing additional work with assurances of payment and representations of satisfaction with the plaintiff's performance. SeeGrasso Paving Landscaping, Inc. v. Five Twenty-One Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 120669 (June 25, 1992, Rush, J.) (7 C.S.C.R. 844, 844) (denying motion for summary judgment where factual issues as to bad faith established by evidence that defendant misled plaintiff and induced plaintiff to perform with representations of payment and satisfaction with work). Thus, the plaintiff has provided a sufficient evidentiary basis to demonstrate the existence of a genuine issue of material fact regarding the defendant's bad faith and, therefore, summary judgment is inappropriate at this time. Accordingly, the defendant's motion for summary judgment is hereby denied.
HICKEY, J. CT Page 700