[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff; Caleb Village Heights Foundation, Inc. (the landlord), filed a second revised complaint on August 14, 2000, alleging that the defendants, Randy Barclay and Jennifer Barclay, owe $1,309.00 in rent and $972.00 in use and occupancy payments. The Barclays filed an answer and counterclaim on August 17, 2000. On October 5, 2000, the Barclays filed amended special defenses and an amended setoff and counterclaim. The fourth count of the Barclays' counterclaim alleges that the landlord has violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
The relevant facts, as alleged in the counterclaim, are as follows. On or about October 16, 1999, the Barclays discovered sewage backing up through the toilet in their first-floor bathroom. The sewage went into the kitchen, living room and down into the basement of their apartment where it rose to a level of several feet. The landlord was notified as was the department of health. An attempt was made to clean the premises, but portions remained affected. The complaint further alleges that the premises owned by the landlord have been the subject of repeated sewage backups due to the landlord's failure to correct problems with the plumbing. The Barclays claim that they have been damaged in numerous by the landlord's failure to correct the sewage problems. They claim that they have lost wages, lost property, and that their child has had repeated doctor's visits for numerous health problems associated with her exposure to raw sewage.
On October 16, 2000, the landlord filed a motion to strike count four of the amended setoff and counterclaim on the ground that the allegations are legally insufficient to set forth a cause of action under CUTPA. Specifically, the landlord claims that the fourth count fails to satisfy the "cigarette rule" criteria set forth by the federal trade commission because the Barclays allege mere negligence and fail to allege practices or methods that can be described as immoral, unethical, unscrupulous or offensive to public policy. The landlord has filed a memorandum of law in support of the motion to strike as required by Practice Book §10-42, and the Barclays have timely filed a memorandum in opposition.
"Whenever any party wishes to contest . . . the legal sufficiency of CT Page 574 the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof; to state a claim upon which relief can be granted . . . or . . . the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "[A] motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court. . . .We take the facts to be those alleged in the complaint . . . and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . .Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . .Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . .It is fundamental that in determining the sufficiency of a complaint challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . .Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citations omitted; internal quotation marks omitted.) Doev. Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000).
The landlord argues that the Barclays have not satisfied the "cigarette rule" under CUTPA because the Barclays do not identify any conduct by the landlord that is immoral, unethical, oppressive or unscrupulous. The landlord further argues that the Barclays must allege more than mere negligence to have a claim that is actionable under CUTPA.
The Barclays argue that the fourth count of the counterclaim is more than a mere negligence claim because it alleges that there have been repeated sewage backups and that the landlord failed, neglected and refused to correct the problem that caused those backups in violation of the public policy employed in the landlord-tenant statutes, General Statutes § 47a-1 et seq. Further, the Barclays argue that the allegations in their counterclaim clearly state a valid CUTPA violation because they satisfy the necessary elements of the "cigarette rule."
"`Whether [a party] is subject to CUTPA is a question of law, not fact.' Connelly v. Housing Authority, 213 Conn. 354, 364-65, 567 A.2d 1212
(1990). [The court's] review concerns statutory construction and the application of the statutes to the allegations of the plaintiff's complaint to determine if the plaintiff has stated a cause of action. Statutory construction involves a review of the words used in the statute, the legislative history and policy background of the statute and the relationship of the statute to existing legislation and common law principles relating to the same general subject matter. Babcock v.Bridgeport Hospital, 251 Conn. 790, 819, 742 A.2d 322 (1999)." Muniz v.CT Page 575Kravis, 59 Conn. App. 704, 712, 757 A.2d 1207 (2000).
"CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or business.' General Statutes § 42-110b(a). We recognize however, that CUTPA is limited to `[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section42-110b . . .' General Statutes § 42-110g(a). "The plain language of § 42-110g(a) provides one limitation by requiring that the plaintiff suffer an ascertainable loss that was caused by the alleged unfair trade practice.' Haesche v. Kissner, 229 Conn. 213, 223-24, 640 A.2d 89 (1994)."Reader v. Cassarino, 51 Conn. App. 292, 298-99, 721 A.2d 911 (1998).
"`A party seeking to recover damages under CUTPA must meet two threshold requirements. First, he [or she] must establish that the conduct at issue constitutes an unfair or deceptive trade practice. . . .Second, he must present evidence providing the court with a basis for a reasonable estimate of the damages suffered.' . . . Jacques All TradesCorp. v. Brown, 42 Conn. App. 124, 130, 679 A.2d 27 (1996), aff'd,240 Conn. 654, 692 A.2d 809 (1997). The second requirement for a valid CUTPA claim does not necessitate that the actual amount of ascertainable loss be proven. See Beverly Hills Concepts, Inc. v. Schatz Schatz,Ribicoff Kotkin, 247 Conn. 48, 78-79, 717 A.2d 724 (1998); Hinchliffev. American Motors Corp., 184 Conn. 607, 614, 440 A.2d 810 (1981), on appeal after remand, 192 Conn. 252, 470 A.2d 121 (1984)." Id., 299.
"The expansive nature of the CUTPA scheme, which [the Supreme Court has] described as establishing `an action more flexible and a remedy more complete than did the common law'; Hinchliffe v. American Motors Corp.,184 Conn. 607, 617, 440 A.2d 810 (1981); may be traced directly to § 5(a)(1) of the Federal Trade Commission Act (FTCA);15 U.S.C. § 45(a)(1); the statutory provision on which CUTPA is modeled and the interpretation of which `serve[s] as a lodestar for interpretation of the open-ended language of CUTPA.' Russell v. DeanWitter Reynolds, Inc., 200 Conn. 172, 179, 510 A.2d 972 (1986). The FTCA, enacted in 1914, authorizes the Federal Trade Commission to define, identify and prevent "unfair methods of competition' and "unfair or deceptive acts or practices,' language used by Congress to reach conduct beyond that proscribed at common law. Federal Trade Commissionv. R.F. Keppel Bro., Inc., 291 U.S. 304, 310-12, 54 S.Ct. 423,78 L.Ed. 814 (1934). Indeed, `[w]hen Congress created the Federal Trade Commission in 1914 and charted its power and responsibility under § 5 [of the FTCA], it explicitly considered, and rejected, the notion that it reduce the ambiguity of the phrase "unfair methods of competition" by tying the concept of unfairness to a common-law or statutory standard or CT Page 576 by enumerating the particular practices to which it was intended to apply.' Federal Trade Commission v. Sperry Hutchinson Co., 405 U.S. 233,239-40, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972). Instead, it adopted a concept that does not "admit of precise definition but the meaning and application of which must be arrived at by . . . the gradual process of judicial inclusion and exclusion.' . . . Federal Trade Commission v.R.F. Keppel Bro., Inc., supra. 312." Associated Investment Co. v.Williams Assoc., 230 Conn. 148, 156-57, 645 A.2d 505 (1994).
"Likewise, our General Assembly, in adopting the sweeping language of § 5(a)(1) of the FTCA, `deliberately chose not to define the scope of unfair or deceptive acts proscribed by CUTPA so that courts might develop a body of law responsive to the marketplace practices that actually generate such complaints.' Sportsmen's Boating Corp. v. Hensley,192 Conn. 747, 755, 474 A.2d 780 (1984). `Predictably, [therefore,] CUTPA has come to embrace a much broader range of business conduct than does the common law tort action.' Id., 756. Moreover, `[b]ecause CUTPA is a self-avowed "remedial" measure, General Statutes 42-110b(d), it is construed liberally in an effort to effectuate its public policy goals.' Id. Indeed, there is `no . . . unfair method of competition, or unfair [or] deceptive act or practice that cannot be reached [under CUTPA].' Conn. Joint Standing Committee Hearings, General Law, Pt. 2, 1973 Sess., p. 705, remarks of Attorney Robert Sils, Dept. of Consumer Protection."Associated Investment Co. v. Williams Assoc., supra, 230 Conn. 157-58.
In determining whether a particular act or practice violates CUTPA, the Supreme Court has "adopted the criteria set out in the cigarette rule by the federal trade commission for determining when [an act or] practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends a public policy established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or otherwise established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businesspersons]. . . .All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Brackets in original; internal quotation marks omitted.) Hartford Electric SupplyCo. v. Allen-Bradley Co., 250 Conn. 334, 367-68, 736 A.2d 824 (1999). "Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." (Citations omitted; internal quotation marks omitted) Jacobs v.Healey Ford-Subaru, Inc., 231 Conn. 707, 726, 652 A.2d 496 (1995).
"General Statutes § 42-110a(4) defines `trade' or `commerce' to CT Page 577 include `the sale, or rent or lease . . . of any . . . property . . . real, personal or mixed. . . .' Our Supreme Court has held that a private cause of action exists under CUTPA for a violation of the statutes governing landlords and tenants. Conaway v. Prestia, 191 Conn. 484, 491,464 A.2d 847 (1983) (renting of uninhabitable apartments to fifty-five tenants in four apartment buildings without certificates of occupancy offended public policy and was within purview of CUTPA)." Muniz v.Kravis, supra, 59 Conn. App. 712-13. Nevertheless, "[n]ot every relationship, even assuming a landlord-tenant one, comes within the terms of CUTPA. There must be some nexus with a public interest, some violation of a concept of what is fair, some immoral, unethical, oppressive or unscrupulous business practice or some practice that offends public policy." Muniz v. Kravis, supra, 59 Conn. App. 715.
In Conaway v. Prestia, supra, 191 Conn. 484, the plaintiff tenants brought a class action against the landlord. The plaintiffs alleged that the landlord's rental of various "uninhabitable" apartments, without the statutorily mandated certificates of occupancy, violated CUTPA. The Supreme Court held that the landlord's "actions of receiving the rent, while not specifically prohibited pursuant to §§ 47a-5 and 47a-57, unquestionably offended the public policy, as embodied by these statutes, of insuring minimum standards of housing safety and habitability." Id., 493. Such actions, "amounted to unfair acts or practices within the meaning of § 42-110b." Id.
In Simms v. Candela, 45 Conn. Sup. 267, 711 A.2d 778 (1998), the court, Blue, J., after a detailed analysis of CUTPA in relation to a claim for personal injury due to a violation of the Landlord and Tenant Act, explained that "[e]ach claim must be evaluated in light of public policy and the particular factual allegations that accompany the claim." Id., 276. Although not every "slip and fall by a tenant can be turned into a CUTPA violation . . . [the landlord's] failure to make a structural repair required by the state habitability statutes is, however, different." Id., 273. In such a case, the landlord "has enhanced his economic condition by falling to make the expenditures that public policy demands." Id., 274.
In the present case, the Barclays allege that the landlord caused them to incur numerous damages by failing to correct a sewage problem that it knew existed, thereby failing to maintain the property in a safe and habitable condition in violation of General Statutes § 47a-7. Allegations that a tenant sustained damages because the landlord allowed such a condition to persist, thereby enhancing its economic condition by failing to make the necessary expenditures that public policy demands; see id., 273-74; satisfies the cigarette rule and opens the landlord to liability for violations of CUTPA. CT Page 578
Accordingly, the landlord's motion to strike is denied.
Foley, J.