JACQUES ALL TRADES CORPORATION *v.*
LAVERNE BROWN ET AL.
(AC 18371)

Schaller, Hennessy and Mihalakos, Js.

Argued December 9, 1999—officially released April 4, 2000

*Mark E. Anziano*, with whom, on the brief, were *Joseph C. Morelli* and *Stephen P. Bertucio*, for the appellant-appellee (plaintiff).

*Seth Jacoby*, with whom was *George M. Purtill*, for the appellee-appellant (named defendant).

*Opinion*

MIHALAKOS, J. The plaintiff, Jacques All Trades Corporation (Jacques), appeals from the judgment of the trial court awarding the named defendant, Laverne Brown, attorney's fees on her counterclaim that alleged a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., where the court concluded that Jacques had violated CUTPA but found that Brown did not suffer any actual damages. Brown, in turn, cross appeals, claiming that the court improperly (1) calculated attorney's fees on her CUTPA counterclaim by not awarding fees for those claims that were novel and (2) denied her motion for attorney's fees pursuant to General Statutes § 42-150bb.[1]

---

[1] General Statutes § 42-150bb provides: "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. Except as hereinafter provided, the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party. No attorney's fee shall be awarded to a commercial party who is represented by its salaried employee. In any action in which the consumer is entitled to an attorney's fee under this section and in which the commercial party is represented by its salaried employee, the attorney's fee awarded to the consumer shall be in a reasonable amount regardless of the size of the fee provided in the contract or lease for either party. For purposes of this section, 'commercial party' means the seller, creditor, lessor or assignee of any of them, and 'consumer' means the buyer, debtor, lessee or personal representative of any of them. The provisions of this section shall apply only to contacts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes."

This case is presently before us following a hearing in the trial court, held pursuant to a remand by this court; *Jacques All Trades Corp.* v. *Brown*, 42 Conn. App. 124, 132, 679 A.2d 27 (1996), aff'd, 240 Conn. 654, 692 A.2d 809 (1997); to determine whether Brown was entitled to attorney's fees. The trial court awarded attorney's fees to Brown, and Jacques appealed to this court. Brown subsequently filed a cross appeal challenging the denial of certain attorney's fees. We affirm the judgment of the trial court as to Jacques' challenge to the award of attorney's fees on the CUTPA counterclaim and as to Brown's claim that those fees were improperly calculated. We reverse the judgment as to Brown's claim for attorney's fees pursuant to § 42-150bb and remand the case for a hearing as to that issue only.

Jacques had sought to collect payment pursuant to two separate contracts for improvements made in the summer of 1988 to Brown's home in Hartford. On August 10, 1988, Jacques and Brown entered into a contract (private contract) for certain work, in the amount of $6021, to be done on Brown's second floor bathroom. On August 26, 1988, Jacques entered into another contract (city contract) for home improvements, which provided for certain work by Jacques to be funded by a rehabilitation program operated by the city of Hartford (city), the other defendant in this case, for the base amount of $20,150. Brown and Jacques were required to use the contract form provided by the city and could not use a private contract form drawn by the contractor. On September 6, 1988, Brown agreed to the terms of the city contract.

A conflict arose regarding who would pay if any additional work had to be done to Brown's home. The city contends that if Brown wanted any additional work done, she would have to pay out of her pocket and would need a written agreement signed by her and Jacques. Jacques alleged that it came to an agreement

with Brown regarding additional work and that this agreement was the private contract.

Additional work was required for improvements on Brown's house, including additional items Brown wanted that exceeded the terms of the city contract. In March, 1989, Jacques paid its subcontractors, and the work was inspected and approved by Brown and the city. Jacques was not paid for its services by Brown or the city.

Jacques brought an action for breach of contract against Brown and the city. On the first count of its complaint, Jacques sought to collect money from Brown for repair and remodeling services. The second count of the complaint was against the city, as stakeholder of certain funds. Brown, in turn, asserted a three count counterclaim, alleging that Jacques (1) breached the contract by failing to complete the work, (2) sought to collect money on a contract that was invalid under the Home Improvement Act (act), General Statutes § 20-418 et seq., and (3) violated the act by committing unfair trade practices pursuant to General Statutes § 42-110b.[2] The trial court rendered judgment for Brown on the first count of Jacques' complaint and against Brown on the counterclaim.

Both Jacques and Brown appealed from the court's judgment. This court reversed the judgment and remanded the case for a new trial, concluding that the trial court had misconstrued count one of the complaint when it failed to consider Brown's liability on the city contract as well as her liability on the private contract. It further concluded that absent the predicate liability of Brown to pay Jacques under the private contract, the city could not be liable to pay the claimed funds in

[2] General Statutes § 42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

its capacity as a stakeholder. See *Jacques All Trades Corp.* v. *Brown*, 33 Conn. App. 294, 635 A.2d 839 (1993).

Following the second trial, the court rendered judgment for Jacques and awarded Jacques the money held by the city, but not the additional damages that Jacques claimed were due under the private contract. The court also rendered judgment for Jacques on the breach of contract count in Brown's counterclaim. Although the court found that Jacques had violated CUTPA, it declined to award damages to Brown.

Again, both Jacques and Brown appealed from the court's decision. This court reversed the award to Jacques of the money held by the city and affirmed the denial of Jacques' claim for additional damages. See *Jacques All Trades Corp.* v. *Brown*, supra, 42 Conn. App. 124. This court concluded that the city was not a party to the agreements between Jacques and Brown, that the agreements were not exempt from the act pursuant to General Statutes § 20-428,[3] and that Jacques could not recover the funds held by the city because the agreements were not enforceable under the act. Id. This court also affirmed the trial court's judgment in favor of Jacques on the breach of contract count in Brown's counterclaim and affirmed the trial court's decision not to award Brown damages on the CUTPA claim. Id. In addition, this court remanded the case with direction to the trial court to conduct an evidentiary hearing on the issue of whether Brown is entitled to attorney's fees with regard to the CUTPA claim. Id.

Jacques petitioned for certification to the Supreme Court, which was granted. Our Supreme Court affirmed

[3] General Statutes § 20-428 provides in relevant part: "This chapter [pertaining to home improvement contractors] shall not apply to any of the following persons or organizations: (1) The government of the state, municipalities of the state or any department or agency of the state or such municipalities . . . ."

the decision of this court. *Jacques All Trades Corp.* v. *Brown*, 240 Conn. 654, 692 A.2d 809 (1997). On July 28, 1997, pursuant to our remand, Brown moved for an award of attorney's fees pursuant to § 42-150bb.

The trial court, on October 18, 1997, ruled that Brown was not entitled to attorney's fees pursuant to § 42-150bb. The court further concluded that Brown was not entitled to attorney's fees claimed in regard to her first counterclaim, but was entitled to reasonable and necessary attorney's fees for services rendered solely to prosecute the CUTPA counterclaim in regard to the private contract. Furthermore, the court concluded that Jacques was not entitled to attorney's fees expended in defending against Brown's CUTPA claims regarding the first count of her counterclaim.

In February, 1998, an evidentiary hearing was held to determine the amount of attorney's fees. By memorandum of decision, dated March 16, 1998, the court awarded Brown attorney's fees in the amount of $19,413.50 for the work performed on the CUTPA counterclaim relating to the private contract. Jacques appealed and Brown cross appealed. Additional facts will be discussed when necessary.

I

Jacques claims that the court improperly awarded Brown attorney's fees of $19,413.50 on her counterclaim alleging a CUTPA violation when, although the court concluded that Jacques violated CUTPA, it found that Brown did not suffer any actual damages. The plaintiff contends that the court misinterpreted the reasoning of a line of cases in its decision and abused its discretion in awarding fees to Brown in that it did not take into consideration all relevant factors. We do not agree.

"[T]he trial court has broad discretion in determining whether damages are appropriate. . . . Its decision

will not be disturbed on appeal absent a clear abuse of discretion." (Citation omitted; internal quotation marks omitted.) *Elm City Cheese Co.* v. *Federico*, 251 Conn. 59, 90, 752 A.2d 1037 (1999). General Statutes § 42-110g (d) provides in relevant part that "[i]n any action brought by a person under [CUTPA], the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. . . ."

This was already decided in Brown's previous appeal to this court, where she claimed that the trial court improperly denied her motion for attorney's fees without conducting a hearing on that motion. See *Jacques All Trades Corp.* v. *Brown*, supra, 42 Conn. App. 130. This court, in holding that Brown was entitled to an evidentiary hearing on the issue of attorney's fees, stated that "the trial court is *not precluded* from exercising [its] discretion even if it finds that the plaintiff has not suffered ascertainable damages." (Emphasis added.) Id., 131. Furthermore, this court went on to state that because "the awarding of attorney's fees and punitive damages is not determined by the amount of the award or the type of relief granted, there may be some evidence that is collateral or irrelevant to the merits of a claim of CUTPA violation or proof of damages, but nonetheless may be relevant to proving whether attorney's fees and punitive damages are warranted. This is such a case." Id.

This court then remanded the matter to the trial court for an evidentiary hearing to determine the amount of such an award, since the actual award of such fees rests entirely within the discretion of the trial court. Id., 132. In remanding the case, this court implicitly approved such an award under the facts of this case. Furthermore, this remand was upheld by our Supreme Court. See *Jacques All Trades Corp.* v. *Brown*, supra,

240 Conn. 657. Because we previously decided this issue, premised on the same facts, Jacques' claim is without merit.

A

Jacques claims that the trial court improperly awarded Brown attorney's fees because the trial court misinterpreted the reasoning in a line of cases. Jacques contends that the court mistakenly combined an award of attorney's fees and punitive damages, which are contingent on different factors. We do not agree.

Section 42-110g (d) provides in relevant part that "the court may award . . . costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. . . ." This statute clearly states that it is within the trial court's discretion in deciding whether to award attorney's fees and that the award is not to be based on the amount of the actual recovery to the party but rather on the work the attorney performed. Furthermore, the party "who establishes CUTPA liability has access to a remedy far more comprehensive than the simple damages recoverable under common law . . . including costs and attorney's fees . . . and punitive damages. . . . In addition, if a court determines that a practice is unfair or deceptive under CUTPA, it may, in its discretion, order, in addition to damages or in lieu of damages, injunctive or other equitable relief. . . . We have previously acknowledged the importance to the CUTPA scheme of the availability of attorney's fees and punitive damages. . . . The significance of the broad equitable remedies authorized under CUTPA is underscored by the express language of § 42-110g (d), which, in affording the court discretion to order injunctive and other equitable relief in lieu of damages, contemplates [the party's] judgments which do not include an award of money damages. . . . These comprehensive reme-

dies, intended to create a climate in which private litigants help to enforce the ban on unfair or deceptive trade practices or acts . . . are significantly broader than those generally available at common law." (Citations omitted; internal quotation marks omitted.) *Associated Investment Co. Ltd. Partnership* v. *Williams Associates IV*, 230 Conn. 148, 160–61, 645 A.2d 505 (1994). It is clear from § 42-110g (d) and the controlling Connecticut case law that in this case, the court acted properly in awarding attorney's fees to Brown because notwithstanding the lack of an award for monetary damages, Brown presented evidence demonstrating the legal work performed with regard to her CUTPA claim.

B

Jacques also argues that the court abused its discretion in awarding attorney's fees to Brown by not taking into consideration all relevant factors. We do not agree.

When awarding attorney's fees under CUTPA, the court must consider the following twelve factors: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." (Internal quotation marks omitted.) *Steiger* v. *J. S. Builders, Inc.*, 39 Conn. App. 32, 38, 663 A.2d 432 (1995). "Awarding punitive damages and attorney's fees under CUTPA is discretionary . . . and the exercise of such discretion will not ordinarily be interfered with on appeal

unless the abuse is manifest or injustice appears to have been done." (Citations omitted.) *Gargano* v. *Heyman*, 203 Conn. 616, 622, 525 A.2d 1343 (1987).

Here, the court conducted two hearings on the issue of attorney's fees, reviewed memoranda of law, and considered documentary and testimonial evidence prior to reaching its conclusion. The court (1) considered the factors enumerated previously,[4] (2) understood the complex nature and long history of the underlying proceeding, and (3) understood the amount in controversy and the time and labor required by counsel for both parties. The court, therefore, did not abuse its discretion in awarding attorney's fees to Brown.

## II

In her cross appeal, Brown first claims that the court improperly calculated her attorney's fees on her CUTPA counterclaim by not awarding fees for those claims that were novel. She argues that she is entitled to all attorney's fees that were incurred in the defense of Jacques' action and the prosecution of her counterclaim. We disagree.

The awarding of attorney's fees is within the discretion of the trial court, and its decision will not be inter-

---

[4] The court, in its memorandum of decision dated March 16, 1998, stated: "[Brown], at said hearing, submitted an itemized attorney's bill in the amount of $19,413.50 for the [private] contract . . . . The itemized bill consists of a fifteen page itemization of all of the hours and parts thereof by the seven lawyers and paralegals who worked on this claim, identifying each increment of time by the initials of the person who performed the work. The hourly rates ranged from $150 per hour from the then experienced attorneys, $100 per hour for associate attorneys and $55 per hour for paralegal work. The court accepts these hourly fees as fair, reasonable, and customary for such professionals in their respective capacities. . . . The court finds that the total amount of time devoted to the [private] contract, 160.12 hours at a charge of $19,413.50, is fair and reasonable. The total bill for all services rendered was $53,605.50. The court determines that [Brown] has clearly demonstrated the amount of fair and reasonable charges for the attorney's fees for work performed in the [private] contract . . . ."

fered with unless there was an abuse of discretion. See id. Here, the court ordered Brown's counsel to provide an itemized account of the time and expense required to litigate the CUTPA claim. Brown subsequently submitted a bill that totaled $19,413.50, a sum that Jacques' counsel agreed was reasonable. The court awarded Brown $19,413.50 in attorney's fees incurred in the pursuit of her CUTPA claim, but did not award fees on her other counterclaims.

Brown contends that she is entitled to *all* attorney's fees incurred in the defense of Jacques' action and the prosecution of her counterclaim, relying on § 42-110g (d), which provides in relevant part that "[i]n any action brought by a person under this section, the court may award . . . costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. . . ." This statute, however, relates solely to claims related to the prosecution of a CUTPA claim and not to all claims. In the absence of abuse of discretion, the court can award attorney's fees under CUTPA only for those expenses that were related to the prosecution of a CUTPA claim. "[G]reat weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness . . . ." *Rokus* v. *Bridgeport*, 191 Conn. 62, 72, 463 A.2d 252 (1983). We conclude that the court did not abuse its discretion.

### III

Brown next claims on her cross appeal that her motion for attorney's fees pursuant to § 42-150bb was timely filed and should have been granted. We agree.

Section 42-150bb provides in relevant part that "attorney's fees shall be awarded as a matter of law to the [party] who successfully prosecutes or defends an action or a counterclaim based upon the contract

. . . ." Our Supreme Court in *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 66, 689 A.2d 1097 (1997), held that a consumer who successfully defends against claims by a plaintiff on a contract covered under the act is entitled to attorney's fees pursuant to § 42-150bb. *Rizzo Pool Co.* is directly on point with the issue in this case. In *Rizzo Pool Co.*, the plaintiffs claimed that the defendant's motion for attorney's fees pursuant to § 42-150bb was untimely because it was not raised in the trial court and had not been preserved on appeal. Id., 61. Our Supreme Court dismissed the plaintiff's timeliness argument, stating that "because the defendants had not been successful [in the trial court], they had neither reason nor opportunity to seek such an award at that time. We do not generally require parties to engage in futile conduct." Id., 63.

In this case, shortly after successfully defending against Jacques' claims in our Supreme Court, which finally resolved this matter; see *Jacques All Trades Corp.* v. *Brown*, supra, 240 Conn. 654; Brown filed a motion for attorney's fees pursuant to § 42-150bb. Had Brown filed her motion prior to our Supreme Court's decision, when she had not yet successfully defended this matter, her motion pursuant to § 42-150bb would not have been proper. Brown's motion, therefore, was in fact timely and proper. In accordance with *Rizzo Pool Co.* and the fact that Brown filed her motion after successfully defending against the claims raised by Jacques, we agree with Brown that the court's decision denying her motion for attorney's fees pursuant to § 42-150bb was improper. It is necessary, therefore, to remand this case for an additional hearing on Brown's claim for attorney's fees pursuant to § 42-150bb.

On the appeal, the judgment is affirmed. On the cross appeal, the judgment is reversed only as to the denial of attorney's fees under § 42-150bb and the case is

remanded for a hearing on the named defendant's claim for attorney's fees under that statute.

In this opinion the other judges concurred.