[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION FOR PUNITIVE DAMAGES AND ATTORNEY'S FEES
 I PROCEDURAL HISTORY
This is a civil case commenced by a two-count complaint dated January 11, 2000 by Peter Arroyo against Safe Home Security, Inc. Briefly stated, the plaintiff alleged in the first count a cause of action for breach of contract arising from an agreement by the defendant to provide security monitoring services to the plaintiff for his place of business located at 184 Arch Street in New Britain, Connecticut. The plaintiff alleged that a burglary occurred at which time the security system failed to properly operate with the result that his business sustained monetary losses.
In the second count of the complaint, the plaintiff alleged a violation CT Page 5261 of the Connecticut Unfair Trade Practices Act (CUTPA). The basis for the claimed violation was contained within the allegations of paragraph five of the complaint, which provides in relevant part. "[t]he plaintiff sustained a burglary to his premises, which burglary the defendant had represented to the plaintiff would be effectively avoided by the materials and services for which the plaintiff had paid the defendant . . ."
The trial commenced on November 16, 2001 and ended on November 20, 2001 with a plaintiff's verdict. At the time of trial, the plaintiff introduced the June 23, 1999 commercial security services agreement as evidence. Contained with the agreement was a liquidated damages clause, which in the event of a breach, provided for a limitation of damages not to exceed $250.00. The plaintiff introduced into evidence the amount of actual damages sustained as a result of the burglary. The jury also received evidence without objection by the defendant that on numerous occasions the employees made representations concerning the effectiveness of the security system before and after the first burglary on September 14, 1999 and before the second burglary on September 25, 1999. In this case the plaintiff sought to recover his losses resulting from the second burglary on September 25, 1999.
On November 21, 2001, the jury returned a plaintiff's verdict and awarded $250 liquidated damages in the first count, and $8,459.81 for actual damages in the second count. Thereafter, through a pleading dated November 26, 2001, the defendant moved the court to set aside the verdict. The plaintiff objected to the motion. On February 4, 2002, a hearing was held on the motion wherein the parties presented oral argument to the court. The court denied the motion by oral decision placed on the record on that same date.
The plaintiff through a motion dated February 13, 2001 has sought an award of punitive damages and attorney's fees. In support of the motion, the plaintiff appended an affidavit of Attorney Robert F. Weber, Jr., who offered his opinion thereof, "a fair attorney's fee for Attorney Pearl's professional services for pre-trial, jury trial, and post-trial activities is $11,250.00."
Counsel for the parties first appeared in court to address the plaintiff's motion on March 25, 2002. At that time, the court instructed plaintiff's counsel to personally prepare an affidavit setting forth a detailed itemization of the attorney's fee claim from contemporaneous time records. In addition, the court ordered defense counsel to file a memorandum setting forth the defendant's position of the pending motions. On March 20, 2001, both parties filed memoranda with the court. Counsel for the parties appeared in court for a second time on April 8, CT Page 5262 2002 and presented oral argument.
 II PUNITIVE DAMAGES
The plaintiff in his February 13, 2002 motion requested an award of punitive damages in the amount of $25,129.43. Thereafter, in the plaintiffs March 20, 2002 memorandum, the amount sought has been substantially increased through the suggestion that "this court could legally impose punitive damages of $160,000 . . ." The defendant has opposed any award for punitive damages and argues "that there is insufficient evidence of reckless indifference, wanton and malicious injury, highly unreasonable conduct and an extreme departure from ordinary care . . . to warrant any award of punitive damages in this case." (Defendant's Memorandum, p. 1, March 20, 2002.)
General Statutes § 42-110g provides that in addition to an award of actual damages "the court may, in its discretion, award punitive damages . . ." The Supreme Court in the case of Gargano v. Heyman, 203 Conn. 616,622, 525 A.2d 1343 (1987) has provided guidance to the trial courts in determining when it is appropriate to award punitive damages. The court stated in relevant part:
 Awarding punitive damages and attorney's fees under CUTPA is discretionary . . . and the exercise of such discretion will not ordinarily be interfered with on appeal unless the abuse is manifest or injustice appears to have been done. . . . In order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights. . . . In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence. (Citations omitted; internal quotation marks omitted.); See also Jacques All Trades Corp v. Brown, 57 Conn. App. 189, 197-98, 752 A.2d 1098 (2000).
In applying this standard to the circumstances presented in the instant matter, the court exercises its discretion and declines to award punitive damages. The evidence presented at trial which formed the basis for the CUTPA violation falls far short of a "reckless indifference" to the rights of the plaintiff or an "intentional and wanton violation of those rights." Accordingly, the plaintiff's request for punitive damages is denied. CT Page 5263
 III ATTORNEY'S FEES
The plaintiff in his February 13, 2002 motion requested $11,250.00 in an award of attorney's fees. This amount was calculated through the use of an estimate of 75 hours of work at an hourly rate of $150.00 per hour. This claim was revised in the plaintiff's March 20, 2002 memorandum to $13,780.00 (68.9 hours x $200). Plaintiff's counsel, in calculating this amended claim, with the enhanced hourly rate, stated:
 Because of the fee arrangements between the plaintiff and its counsel have not been predicated on an hourly basis, no CONTEMPORANEOUS time records were kept. The reconstructed hours are based on work product existing in the file and, therefore, no charge can be made for numerous short conferences, telephone calls, in-office research and similar activities, the omission of which from the foregoing itemization tends solely to diminish the number of hours for which a charge has been itemized. The $200 per hour fee is the fee normally and customarily charged by plaintiff's counsel in cases where the fee basis is an hourly one. It is understood to be a common hourly charge for attorneys having the experience and skill of plaintiff's counsel in geographic areas at the time in question. (Emphasis in original.) (Attorney Pearl's Affidavit, March 19, 2002.)
The defendant in its March 20, 2002 memorandum acknowledges the availability of an award of reasonable attorney's fees, but it challenges the amount being sought.
General Statutes § 42-110g (d) provides in part that "the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorney's fees based on the work reasonably performed by an attorney and not the amount of recovery." InHinchliffe v. American Motors Corporation, 184 Conn. 607, 617-18,440 A.2d 810 (1981), the court articulated the public policy fostered through the availability of attorney's fees. "The ability to recover . . . attorney's fees . . . enhances the private CUTPA remedy and serves to encourage private CUTPA litigation. . . . The legislative history . . . demonstrates that CUTPA seeks to create a climate in which private litigants help to enforce the ban on unfair or deceptive trade practices or acts." Moreover, "once liability has been established under CUTPA, CT Page 5264 attorney's fees and costs may be awarded at the discretion of the court."Thames River Recycling, Inc. v. Gallo, 50 Conn. App. 767, 720 A.2d 242
(1998).
This court when evaluating a claim for attorney's fees must consider twelve factors:
 (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Jacques All Trades Corp v. Brown, 57 Conn. App. 189, 198, 752 A.2d 1098 (2000).
In applying these considerations to the courts through knowledge of the case, it concludes that it was a relatively brief matter which did not present unique or difficult legal or factual issues. Plaintiff's counsel is unable to provide the court with contemporaneous time records and has not demonstrated that he was precluded from accepting other work. The hourly rate sought was initially $150 per hour and thereafter increased to $200.00. Counsel has not disclosed to the court whether his fee arrangement with the client was fixed or contingent. The court is unaware of any time limitations imposed by the client or circumstances. The case does not present any undesirable characteristics. The plaintiff recovered its actual damages for lost inventory and other losses ($8,459.81). Plaintiff's counsel is an experienced attorney with a fine reputation. The court has not been made aware of the nature and length of counsel's professional relationship with the plaintiff.
In applying the foregoing analysis to the entire record, the court finds that a reasonable attorney's fee is $4,000.00 plus costs and awards this amount.
 CONCLUSION
The plaintiff's motion for punitive damages is denied. An award of $4,000.00 in attorney's fees plus costs is ordered. CT Page 5265
BY THE COURT
Peter Emmett Wiese, Judge